SIMONE F. PAPAGNO, Appellant, v. HOME OWNERS' LOAN CORPORATION, Respondent.— Plaintiff, an employee of a contractor who had been engaged by defendant to recondition a building owned by it, was injured when he fell from a second floor porch, because of an allegedly defective condition of the porch railing, of which defendant had or should have had knowledge. The complaint was dismissed at the close of the entire case upon the authority of *Larsen* v. *Home Owners' Loan Corp.* (266 App. Div. 1007, leave to appeal denied, 292 N. Y. 724). Judgment reversed upon the law and the facts and a new trial granted, with costs to abide the event. In our opinion, upon this record the plaintiff established a prima facie case as to defendant's negligence, requiring its submission to the jury, and it was error to dismiss the complaint. *Larsen* v. *Home Owners' Loan Corp.* (*supra*) is inapplicable. The pole there involved, unlike the house here, was not a place to work. Moreover, in that case there was no proof that defendant knew of the dangerous condition of the pole, which could have been ascertained only through expert tests; and this court held that upon the facts there existing the obligation was upon the contractor and not the owner to determine the soundness of the pole. Among those facts was the contract, similar to the one in the instant

case, between the defendant and the contractor, whereby the latter was constituted the custodian of the property and obligated himself to protect the workmen during the period of the work. That contract was but one of the factors considered, and nothing in our decision should be regarded as indicating that it was determinative of the issues involved. As there is no proof in the case at bar that the porch railing was to be repaired, *Kowalsky* v. *Conreco Company* (264 N. Y. 125) is also inapplicable. Close, P. J., Carswell, Johnston and Lewis, JJ., concur; Hagarty, J., dissents and votes to affirm the judgment of dismissal, with the following memorandum: The contract between defendant and the contractor, the employer of plaintiff, shows that this dwelling was to be extensively repaired by such employer and that the parties expressly agreed that he would be the custodian of the building and, during the period of the construction work, should assume the obligation of providing protection for his workmen. The obligation of furnishing a safe place to work was, therefore, upon the contractor in exclusive possession of the building and, in my opinion, that obligation was delegable, as it is where an owner engages a general contractor to construct a building. [See *post,* p. 999.]